UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA A. KEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV567 JCH |
| ) | |
| LIFE INSURANCE COMPANY OF NORTH ) | |
| AMERICA ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court pursuant to the Plaintiffs' Motion to Remand to the Circuit Court of the City of St. Louis filed with the Court on May 6, 2005 (Doc. 5). The matter is fully briefly and ready for decision.

## **BACKGROUND**

Plaintiff filed suit against Life Insurance Company of North America ("Defendant") in the Circuit Court of the City of St. Louis on March 3, 2005. Plaintiff brought suit pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover the benefits she claims are due to her under the terms of a long term disability coverage plan offered by Defendant through her employer at the time, Fru Con Construction Company.

Defendant removed the action to this Court on April 8, 2005 (Notice of Removal, Doc. 1). Defendant alleges that this Court has jurisdiction of this action pursuant to the provisions of 29 U.S.C. § 1132(a) and (e)(1). Plaintiff argues that the action should be remanded to the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Circuit Court of the City of St. Louis because 29 U.S.C. § 1132(e)(1) gives the state court jurisdiction over civil actions brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

**DISCUSSION**

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997). In deciding this issue, the Court may consider the pleadings and supporting affidavits. See Parnas v. General Motors Corp., 879 F. Supp. 91, 92 (E.D. Mo. 1995).

Section 29 U.S.C. § 1132(e)(1) states:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

29 U.S.C.A. § 1132 (e)(1). Plaintiff argues that because she brought her action under 29 U.S.C. §1132(a)(1)(B), jurisdiction is vested in the Circuit Court of St. Louis.

Although 29 U.S.C. § 1132(e) makes the Circuit Court of St. Louis a proper forum and gives a Plaintiff the initial choice of filing suit there, a defendant has an absolute right to remove an ERISA benefit claim to federal court. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). Plaintiff's Complaint states on its face that her claim is brought pursuant to 29 U.S.C. § 1132(a)(1)(B), and therefore Defendant is entitled to remove the action to this Court. Therefore, Plaintiff's Motion to Remand must be denied.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand to the Circuit Court of the City of St. Louis (Doc. 5) is DENIED.

Dated this 14th  Day of July, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com